## Commonwealth v. Rickerson

*William F. Morgan*, District Attorney, for Commonwealth.

*Joseph A. Massa*, for defendant.

WOLFE, P. J., July 11, 1973.—The narrow issue for decision on this appeal is if defendant was the operator of a "school bus" on May 11, 1973, when he failed to come to a complete stop immediately before crossing a railroad grade crossing as required by the Act of April 29, 1959, P. L. 58, sec. 1029, of The Vehicle Code, 75 PS § 1029. Defendant was summarily convicted for violation of this act and on appeal has admitted he did not stop at a railway grade crossing on the date in question and now argues, as he did before the magistrate, that the vehicle he was operating, notwithstanding he was transporting school children, does not fall into the category of the definition of a school bus.

It is defendant's position that the vehicle he was operating, a 1971 International Scout with a capacity

for nine people, is not regulated by The Vehicle Code, sec. 840(a.2), 75 PS §840(a.2).

The Commonwealth's view is that on the date in question the arresting officer observed this vehicle with two signs on the roof, one facing front and the other facing back, with the nomenclature "School Bus."

The officer testified that at the time of the arrest, defendant was transporting six school children from special educational classes and, in his opinion, the sign had been changed from "School Bus" to "School Students" since the date of the arrest to this appeal.

The owner of the vehicle had added to the usual six-seating capacity to extend it to nine and had entered into a contract with the Tri County Intermediate Unit to transport special educational students from their individual homes to the Warren County schools and return. The vehicle is one of 11 used by the Warren County School District under contract with individual owners of passenger vehicles to transport these children.

Defendant argues his vehicle is defined as a "suburban" motor vehicle, i.e., commonly known as a "suburban, station or depot wagon" as defined under section 102 of the code. Defendant asserts that in order for his vehicle to be classified as a "school bus" the seating capacity would have to exceed 10 pupils. In this regard, defendant points to the definition of a "school bus" under section 840(a) providing:

" 'School bus' for the purpose of this section, is any vehicle registered as a commercial vehicle, motor bus or motor omnibus, used for the transportation of school children."

The Vehicle Code defines by section 102(a) "Commercial Motor Vehicle" as:

"Any motor vehicle designed for carrying freight or merchandise."

Section 840(a.2) directs the standards applicable to school buses to be set by the Bureau of Traffic Safety and whenever any vehicle as defined therein is used for the transportation of school children, but the vehicle is not classified as a school bus and has a pupil seating capacity in excess of ten pupils, "the Bureau of Traffic Safety of the department shall promulgate standards requiring by temporary or permanent signs and lights the identification of such vehicle as a school bus and the installation of lamps and signals, including the flashing red and amber signal lamps visible from the front and rear of such vehicle required by this act."

It is, of course, defendant's argument that his vehicle is not equipped for a seating capacity of more than nine and this was deliberate to avoid the classification as a school bus. Defendant submitted into evidence regulations of the State Board of Education of Pennsylvania, chapter 4, dealing with pupil transportation promulgated by the State Board of Education, section 4-420, "School buses," which provides:

"All vehicles *registered as school buses* and engaged in furnishing pupil transportation to and from the public schools, whether under contractual agreement or district-owned, shall conform to standards promulgated by the Bureau of Traffic Safety, Pennsylvania Department of Transportation and shall bear evidence of approval by that Bureau, as well as proof of satisfactory inspection by the Pennsylvania State Police." (Italics supplied.)

Section 4-430, "School vehicles not classified as school buses," provides:

"Passenger cars, station wagons and suburbans *registered as passenger vehicles* used in the transportation of pupils to and from the public schools, whether under contractual agreement or district-owned shall bear proof of satisfactory inspection, as

provided by law and regulations of the Bureau of Traffic Safety, Pennsylvania Department of Transportation." (Italics supplied.)

The owner of the vehicle stated the sign on his vehicle was required by the school board to read "School Students" and is a temporary attachment to be removed when the vehicle is driven for personal use.

There is an obvious distinction drawn by section 840(a.2) between vehicles transporting school children having a seating capacity in excess of 10 and those not in excess of 10 pupils. Either classification falls under the jurisdiction of the Bureau of Traffic Safety which regulates the equipment to be installed on these vehicles. Those carrying in excess of 10 pupils must have extensive equipment to identify them as a "School Bus" by the installation of signals and lamps, including the flashing red and amber signal lamps visible from the front and rear of such vehicle. In this respect, the Bureau of Traffic Safety was not given any prerogative or options but was directed by the legislature to provide this equipment, since, obviously, the legislature was of the opinion that carrying 10 or more pupils constitutes the vehicle as a bus for the carriage of pupils. Apparently, the Bureau of Traffic Safety did not see fit to promulgate any rules, or at least we do not have any presented to us relative to the equipment necessary for a vehicle carrying 10 or less pupils.

We think it is urgent to distinguish between equipment requirements, irrespective of the seating capacity on the one hand, and the terminology used in section 1029 of The Vehicle Code. This section provides, inter alia, that "all school buses used in the transportation of school children . . . shall come to a complete stop immediately before crossing a railway grade crossing."

The legislature was very cautious and specific in

defining a "school bus" and limited the definition to a "commercial vehicle, motor bus or motor omnibus." The vehicle which defendant was operating is registered as a passenger motor vehicle commonly known as a station wagon and was so indicated on the registration.

We do not think the requirement of the school district in providing a sign to be erected on the roof of the vehicle changes its classification to a school bus irrespective if the wording were "School Bus" or "School Students." This is a matter of form and not a matter of substance. The definition of a school bus as defined by section 840(a) must be read in conjunction with section 1029.

Although concern is apparent for the safety of all children being transported, whether in a station wagon registered as a passenger vehicle or a school bus, there is a practical application for the difference in their requirements and operation. A large-seating capacity vehicle with children has the result of creating loud noises that would detract the operator at railroad grade crossings and would also increase the risk of danger in contrast to the smaller passenger car. Further, a larger, heavier vehicle is more difficult to handle in traffic in comparison with a smaller one.

Children are frequently driven by mother car pools to and from school in private passenger vehicles without any question raised or requirement for stopping at a railroad grade crossing. Large families are transported in station wagons, camping trailers, etc., without any requirement to comply with section 1029. Thus, irrespective of the relationship of the passengers or the reason for the transportation, we conclude there is a reasonable basis for the distinction to turn to the number transported rather than the purpose.

The request of the local school board for the operator

328

to have his sign on the vehicle was one for the convenience of the operator rather than a declaration to the public that there was a conversion of this vehicle to a school bus. This convenience was not specifically spelled out but it is reasonable that the children so transported would know the identity of the vehicle which they were to board.

Finally, this is a criminal case and the language of the act must be strictly construed.

From a complete review of these sections and bearing in mind the intent of the legislature, we cannot conclude the vehicle in question falls within the classification of a "School Bus" and for that reason make the following

### ORDER

And now, to wit, this July 11, 1973, defendant is found not guilty and his bond is released and costs placed upon Warren County.

Exceptions to the Commonwealth.